UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JOHN BASEZLER

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,


                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:21-cv-01511-FC

Appearances:
*For the Plaintiff*:
HAROLD SKOVRONKSY, ESQ.
1819 Avenue N
Brooklyn, NY 11230

*For the Defendant*:
BREON PEACE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11021
BY: TROY J. PRATTEN, ESQ.

**BLOCK, Senior District Judge:**

     John Baeszler ("Baeszler") seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Baeszler's motion is granted, the Commissioner's motion is denied, and this case is remanded for the calculation of benefits.

1

I.

After being employed for 20 years as an insurance agent, Baeszler stopped working in or about the year 2008. He cites chest pains, a heart attack, and the stress of his job as reasons why he could no longer continue to work. He continues to suffer from pain in his legs and chest and is "tired and drowsy all of the time" A.R. 503. Due to his compromised condition, Baeszler's daughter, mother, and girlfriend attend to any necessary household chores on his behalf.

Baeszler was initially denied disability insurance benefits at the state level, then at a hearing in front of an Administrative Law Judge ("ALJ"). The Appeals Council denied Baeszler's request for review, prompting his appeal to this Court. At that stage, Baeszler moved for judgment on the pleadings and the parties stipulated to remand the case for further administrative proceedings. The presiding ALJ again found Baeszler not disabled. The Appeals Council declined jurisdiction over Baeszler's application. Accordingly, the ALJ's February 6, 2019 decision became the final decision of the Commissioner, prompting this appeal.

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence … means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Remand for calculation of benefits is appropriate when the record provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). Furthermore, in cases where reversal is based on the Commissioner's failure to sustain his burden and show the plaintiff can fulfill sedentary work, "no purpose would be served by [] remanding the case for rehearing." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983).

### III.

The ALJ concluded that the "claimant was not under a disability as defined in the Social Security Act, at any time from March 11, 2011 [. . .] through December 31, 2015." A.R. 25. Additionally, the ALJ held that the plaintiff is capable of medium work, and therefore can work in his former occupation as an insurance agent. However, the evidence not only fails to support this conclusion, but also reveals that Baeszler is not even capable of light work.

In a July 2015 cardiac catheterization report, Baeszler was diagnosed with a class IV angina. This classification reflects a severe limitation in which patients experience pain upon physical exertion, as well as at rest. With such a diagnosis, any

3

time at work – let alone the medium work ordered by the ALJ – is not recommended.[1] Yet, this report was completely excluded from the ALJ's decision and evidently was not considered in the ALJ's subsequent recommendation. Because of the report's relevance, it should have been considered. The ALJ's failure to do so reflects legal error.

Additionally, Dr. Lamberto Flores ("Dr. Flores"), a physician appointed by the New York Office of Temporary and Disability Assistance, examined Baeszler in 2014 to determine the extent of his disability. Dr. Flores described Baeszler as "limited in bending and . . . in prolonged walking, standing, and heavy lifting", thereby affirming that he is not fit for the tasks required of medium or light work. A.R. 315.

Nevertheless, the ALJ only gave Dr. Flores's report "partial weight," finding it to be "vague," lacking "an in-depth functional analysis of the claimant's abilities," and because Dr. Flores relied on Baeszler's "subjective complaints in formulating his diagnosis." A.R. 484. However, the ALJ's conclusion is not supported by the record. Such cherry-picked assertions do not support the ALJ's erroneous finding of non-disability. An ALJ cannot "cherry pick evidence in support of his contention that the record does not warrant a finding of disability [by] 'selecting facts that tend

---

[1] Light work is not an option for Baeszler either since it could involve lifting/ carrying up to 20 pounds and may require 6 to 8 hours a day of walking/ standing. *See Canty v. Colvin*, 2015 WL 9077651, at *3 (W.D.N.Y. 12/16/15).

4

against a finding of disability . . . while ignoring [those] that are consistent with a finding of disability.'" *Hartzof v. Astrue,* No. 11-cv-6082 (MAT), 2012 U.S. Dist. LEXIS 137563, at *16 (W.D.N.Y. Sept. 25, 2012) (quoting *Castano v. Astrue*, 650 F. Supp. 2d 270, 278 (E.D.N.Y. 2009)). The ALJ's recommendations instead wrongfully ignored Dr. Flores' opinions of severe limitation in favor of his own layperson's assessment.

Furthermore, the ALJ's decision to discredit Dr. Flores's opinion it relied in part on Baeszler's subjective complaints lacks logic. "[A] patient's report of [subjective] complaints. . . is an essential diagnostic tool." *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003), citing *Flanery v. Chater*, 112 F.3d 346, 350 (8th Cir. 1997). Also, an ALJ may not replace a doctor's medically accredited opinion with his personal take as a layperson, as the ALJ did here. *See McBrayer v. Sec'y of Health & Human Servs*., 712 F.2d 795, 799 (2d Cir. 1983) ("While an administrative law judge is free to resolve issues of credibility between properly submitted medical opinions, [she] is not free to choose between properly submitted medical opinions, [and] is not free to set [her] own expertise against that of a physician who testified before [her].")

Since Baeszler has provided substantial evidence of his disability, rehearing this case on remand would serve no purpose. This case is remanded for calculation of benefits.

## CONCLUSION

For the foregoing reasons, Baeszler' motion is **GRANTED**, and the Commissioner's is **DENIED**. The case is **REMANDED** for the calculation of benefits.

**SO ORDERED.**

                                                   /S/ Frederic Block
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
July 19, 2022